UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANDREW DICKERMAN, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:24-CV-307-PPS-APR |
| ERIC HOLCOMB, | |
| Defendant. | |

OPINION AND ORDER

Andrew Dickerman, a prisoner without a lawyer, filed a complaint relating to his state criminal case. ECF 1. Under 28 U.S.C. § 1915A, I must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). I must give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, a plaintiff can plead himself out of court if he pleads facts that preclude relief. *See Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Dickerman filed this lawsuit against Governor Holcomb of Indiana because the state court judge in his criminal case denied a motion to dismiss pursuant to the Speedy Trial Act. Dickerson claims Rule 4 of the Indiana Rules of Criminal Procedure—which deals with the speedy trial requirements and the impact of delays in state criminal trials—violates the Sixth and Fourteenth Amendments of the United States Constitution. He doesn't provide any details about his own criminal case, or how/why his own rights were violated (other than the conclusory assertion that the judge denied his request for dismissal), and he doesn't suggest Governor Holcomb has had any personal involvement in the matter. Rather, he appears to take issue with the Indiana Rules of Criminal Procedure in general. He asks the court to order Governor Holcomb to "delete their Criminal Procedure in Speedy Trial Requirements" and instead enforce only the Speedy Trial Act of the United States.

"In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). "The Sixth Amendment provides that in 'all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial.'" *Hart v. Mannina*, 798 F.3d 578, 596 (7th Cir. 2015).[1] This right "is triggered by an arrest, indictment, or some other official

---

[1] As noted above, Dickerman references the Federal Speedy Trial Act, *see generally* 18 U.S.C. § 3161, but, because his criminal suits are in state court, that Act does not apply to him. Rather—putting aside supplemental jurisdiction—he is only entitled to relief here if his federal constitutional rights were or are being violated. Similarly, to the extent Dickerman is attempting to bring a federal civil rights suit based on a violation of Indiana's Criminal Rule 4, he may not do so. *See Wozniak v. Adesida*, 932 F.3d 1008, 1011 (7th Cir. 2019) ("[A] constitutional suit is not a way to enforce state law through the back door."); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from

accusation." *United States v. Arceo*, 535 F.3d 679, 684 (7th Cir. 2008). Both the conduct of the government and the defendant are weighed when considering whether the Sixth Amendment is violated. *Id.* (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). Factors to be assessed include: "(1) the length of the delay, (2) the reasons for the delay, (3) whether the defendant asserted his right to a speedy trial, and (4) any prejudice the defendant suffered by the delay." *Hart*, 798 F.3d at 596 (citing *Barker*, 407 U.S. at 530 and *Doggett v. United States*, 505 U.S. 647, 651 (1992)). "The length of the delay acts as a triggering mechanism. Unless the delay is presumptively prejudicial, [the court] need not consider the other factors. A delay approaching one year is presumptively prejudicial." *Arceo*, 535 F.3d at 684 (internal citations omitted).

Even assuming Dickerman had named a defendant subject to personal liability, his allegations, standing alone in his complaint, are far too vague to state any sort of plausible claim. Moreover, I've filled in the blanks by reviewing Dickerman's relevant criminal cases on the state court docket, and it's clear that his complaint must be dismissed.[2] In *State v. Dickerman*, cause no. 02D04-2401-F6-000070 (Allen Sup. Ct. 4, filed Jan. 17, 2024), felony charges of auto theft, resisting law enforcement, and criminal

---

constitutional violations, not violations of state laws or . . . departmental regulations"); *Conner v. Hoem*, 768 Fed. Appx. 560, 564 (7th Cir. 2019) ("In any case, the Constitution does not require state actors to enforce their own policies and regulations.") (citing *Garcia v. Kankakee Cty. Hous. Auth.*, 279 F.3d 532, 535 (7th Cir. 2002)).

[2] I'm permitted to take judicial notice of public documents when screening a complaint. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647–48 (7th Cir. 2018); *Daniel v. Cook Cty.*, 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts[.]"); *Mosley v. Ind. Dep't of Corr.*, No. 22-2722, 2024 WL 1651902, at *2 (7th Cir. Apr. 17, 2024) ("Proceedings in state court are proper subjects of judicial notice.").

recklessness committed with a deadly weapon were brought against Dickerman. *See id.*, available online at: https://public.courts.in.gov/mycase (last visited Jul. 31, 2024). Dickerman was arrested on January 18, 2024, and he was arraigned the next day. *Id*. A hearing was held on January 24, 2024, at which Dickerman requested and was granted an early trial setting of May 7, 2024. *Id.*[3] Prior to that date, however, a plea agreement was filed on February 15, 2024, and an order granting it was issued that same day. *Id*. A sentencing hearing was held on March 1, 2024, and Dickerman was sentenced to a two-year suspended sentence for resisting law enforcement. *Id*.

Several weeks later, while out of jail serving that suspended sentence, Dickerman was arrested again—this time for resisting law enforcement, interfering with a law enforcement animal, possession of a controlled substance, driving while suspended, leaving the scene of an accident, and reckless driving. *See State v. Dickerman*, cause no. 02D06-2403-F5-000121 (Allen Sup. Ct. 6, filed Mar. 21, 2024), available online at: https://public.courts.in.gov/mycase (last visited Jul. 31, 2024). Dickerman was arrested, and an initial hearing was held on March 25, 2024. *Id*.

---

[3] An order issued by the state court judge states, "Pursuant to *Austin v State* 997 N.E.2d 1027, 1041, this trial is set for 'the first setting not already occupied by a superseding speedy trial request.'" *See State v. Dickerman*, cause no. 02D04-2401-F6-000070 (Allen Sup. Ct. 4, filed Jan. 17, 2024), available online at: https://public.courts.in.gov/mycase (last visited Jul. 31, 2024); *see also* Ex. A (Speedy Trial Setting Order). Because this order and other relevant documents are available online to Indiana attorneys but not readily available online to the public—in the spirit of N.D. Ind. L.R. 7-1(f)—the clerk will be directed to attach the relevant filings to this order.

Pursuant to Indiana Rule of Criminal Procedure 4(B), a defendant in jail who requests an early trial will receive one "no later than seventy calendar days from the date of such motion" except for delays caused by court congestion, emergency, an act by the defendant, or if a defendant is "released from jail before the expiration of the seventy-day period."

4

Based on these new charges, the state filed a petition to revoke Dickerman's probation in his original case. *See State v. Dickerman*, cause no. 02D04-2401-F6-000070 (Allen Sup. Ct. 4, filed Jan. 17, 2024), available online at: https://public.courts.in.gov/mycase (last visited Jul. 31, 2024). A hearing on the probation violation was held on April 8, 2024, during which the judge revoked the suspension and ordered him to serve the two years incarcerated. *Id.*

Meanwhile, the court in his new case held a hearing on that same day, released Dickerman on his own recognizance subject to pretrial services conditions, rescheduled his trial for late July, and noted that he was no longer entitled to an early trial due to his release. *See State v. Dickerman*, cause no. 02D06-2403-F5-000121 (Allen Sup. Ct. 6, filed Mar. 21, 2024), available online at: https://public.courts.in.gov/mycase (last visited Jul. 31, 2024); *see also* Ex. B (Trial Setting/Omnibus Hearing Order). Dickerman objected by filing numerous motions and petitions, and the state court judge issued an order reiterating that Dickerman's speedy trial rights were not being violated because "[t]he Defendant was ordered released on this case. He is serving an executed sentence on another case." *Id*.; *see also* Ex. C (Order Addressing Dickerman's Motions).[4] The new

---

[4] Pursuant to Indiana Rule of Criminal Procedure 4(C), if a defendant is *not* being held in jail, "[n]o person can be held on recognizance or otherwise to answer a criminal charge for a period in aggregate exceeding one year from the date the criminal charge against such defendant is filed, or from the date of the arrest on such charge, whichever is later. Delays caused by a defendant, congestion of the court calendar, or an emergency are excluded from the time period. If a defendant is held beyond the time limit of this section and moves for dismissal, the criminal charge against the defendant must be dismissed." *See also Cundiff v. State*, 967 N.E.2d 1026, 1027 (Ind. 2012) (holding that "Criminal Rule 4(B) is available to a defendant only when the defendant is held on the pending charges for which he requests a speedy trial," so a defendant who was released in a pending case and then re-arrested and incarcerated for a separate probation revocation, was not entitled to an early trial within seventy days in the pending case).

case remains pending, with a trial date currently set for October 22, 2024. *Id*. Of note, it has *not* been a year since Dickerman was arrested in late March of 2024, nor will it be a year as of the date of the new trial setting.

In light of these facts, it's clear Dickerman hasn't stated any viable Sixth Amendment claims. In his original case, he pleaded guilty to the charges less than a month after they were brought. He was sentenced approximately two weeks later. Thus, there was essentially *no* delay in that case—prejudicial or otherwise—and I need not consider any other factors to find that Dickerman's Sixth Amendment claim fails. *See Arceo*, 535 F.3d at 684 (internal citations omitted). In his new case, Dickerman was arrested on March 25, 2024, a little over four months ago. Not nearly enough time has passed to be deemed "presumptively prejudicial," so, again, the rest of the analysis is not triggered. *Id*. Even so, I note that Dickerman was released on his own recognizance in the new case on April 8, 2024, two weeks after he was arrested. The fact that he remains in jail based on a separate two-year conviction, doesn't demonstrate unconstitutional action by the state in his new case. Thus, even if there has been a delay—a conclusion I do not reach—Dickerman has not suffered any prejudice because of it, so his claim fails. *See Hart*, 798 F.3d at 596.

Finally, to the extent Dickerman asks me to order the Governor to unilaterally void the state court's criminal trial rules, that request will be denied. Even if Governor Holcomb did have the authority to "delete" the rules, nothing in the complaint suggests such injunctive relief would be an appropriate form of relief in this case. As acknowledged by the Indian Supreme Court, although Indiana Criminal Rule 4

6

"implements a defendant's right to a speedy trial," it is "distinct from that of a claimed constitutional violation," and the Constitution "provide[s] a defendant with broader protection of this fundamental right." *S.L. v. State*, 16 N.E.3d 953, 956 (Ind. 2014). In other words, Indiana Criminal Rule 4 is not in conflict with the Constitution, as it doesn't preempt a defendant's constitutional rights. *See id.* ("Illustrating why Indiana affords defendants dual means of securing a speedy trial, here we conclude that despite the trial court's technical compliance with Rule 4(C), S.L.'s unduly long delay violated his constitutional right to a speedy trial."); *see also Austin v. State*, 997 N.E.2d 1027, 1037 (Ind. 2013) ("The broad goal of Indiana's Criminal Rule 4 is to provide functionality to a criminal defendant's fundamental and constitutionally protected right to a speedy trial."); *Cundiff v. State*, 967 N.E.2d 1026, 1027 n.2 (Ind. 2012) (Sixth Amendment rights and Rule 4 rights are "distinct" although related) (citing *State v. Moles*, 166 Ind.App. 632, 646, 337 N.E.2d 543, 552 (1975)). Thus, Dickerman has not alleged any viable claims for injunctive relief.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

Accordingly, the clerk is ORDERED to attach Exhibits A, B, and C to this order, and the case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED on July 31, 2024

s/ Philip P. Simon  
JUDGE  
UNITED STATES DISTRICT COURT
